## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CLYDE WAYNE STUART, #207840,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:04-CV-0478-R** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently confined at the Estelle Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID.  The Court has not issued process in this case, pending preliminary screening.[1]

---

[1]      On March 11, 2004, the Court  informed Petitioner of the one-year statute of limitations for filing federal habeas actions and directed him to show cause why the present petition should not be dismissed as time barred.  On March 29, 2004, Petitioner filed his response.  Upon review of the response and the petition, the Court now concludes that it lacks

Statement of the Case:  Petitioner seeks to collaterally attack a 1966 conviction from Criminal District Court No. 4 in Dallas County, Texas, in cause number F65-02824.  (Pet. at 2 and 7).  Punishment was assessed at four years confinement in TDCJ.  (Id. at 2).  He did not appeal.  (Pet. at 3).  On January 20, 2003, he filed an application for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure, which the Texas Court of Criminal Appeals dismissed as an abuse of the writ on March 20, 2003.  (Id. at 3 and Petitioner's Response at 2).  See also Ex parte Stuart, No. WR3,056-27,www.cca.courts.state.tx.us/opinions/ Case.asp?FilingID=215425 (Docket Sheet information generated from the Texas Judiciary Online--Court of Criminal Appeals).

Findings and Conclusions:  The Court must first examine whether it has jurisdiction in this case.  "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir.2001).

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody ... in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 493, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). A petitioner satisfies the "in custody" requirement, when the challenged conviction has not fully

_____

jurisdiction over the petition as set out more fully below.  As a result, it need not reach the limitation question.

2

expired at the time he/she files a petition under § 2254.  See Carafas v. Lavallee, 391 U.S. 234,

238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).  A petitioner is not "in custody" for a particular

conviction when he or she "suffers no present restraint" from the challenged conviction.

Maleng, 490 U.S. at 492.  "[O]nce the sentence imposed for a conviction has completely expired,

the collateral consequences of that conviction are not themselves sufficient to render an

individual 'in custody' for the purposes of a habeas attack upon it."  Id.

Presently Petitioner is not incarcerated on the basis of the 1966 conviction in cause

number F65-02824, which he expressly attacks in his habeas petition.  The four-year sentence

for that conviction has fully expired.  Having fully served his sentence for the 1966 conviction,

Petitioner is no longer "in custody" such that he can challenge that conviction. As a result he

cannot bring a federal habeas action based solely on his 1966 conviction.  See Maleng, 490 U.S.

at 493.

In Maleng, 490 U.S. at 493-94, and Lackawanna County District Attorney v. Coss, 532

U.S. 394, 401-02, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the Supreme Court acknowledged

that because a § 2254 petition could be construed as asserting a challenge on a current sentence,

as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody"

requirement for federal habeas jurisdiction despite the full expiration of his sentence.[2]

Although petitioner claims that his 1966 conviction was improperly used to enhance

punishment in his Navarro County conviction in cause number 19,288 (see handwritten

---

[2]      In Lackawanna, 532 U.S. at 404, as in Daniels v. United States, 532 U.S. 374, 121
S.Ct. 1578, 1583 (2001), the Supreme Court explained that such a challenge is appropriate only
where the prior conviction used for enhancement was obtained without appointment of counsel
in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335, 83
S.Ct. 792, 9 L.Ed.2d 799 (1963).

memorandum in support at 3, attached to Pet.), the Court declines to construe Petitioner's claims

as a challenge to that conviction.  The District Court would lack jurisdiction over any challenge

to the Navarro County conviction because Petitioner previously challenged that conviction in

this Court on at last seven occasions.  See Stuart v. Cockrell, 3:02-CV-2015-L (N.D. Tex., Dallas

Div., Sep. 19, 2002) (compiling cases), findings and conclusions adopted (N.D. Tex., Dallas

Div., Oct. 9, 2002).  As a result, Petitioner would first need to seek leave to file a second or

successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to

28 U.S.C. § 2244(b)(3)(A).  See In re Epps, 127 F.3d 364 (5th Cir. 1997) (setting out the

requirements for filing a motion for authorization to file a successive habeas petition in the Fifth

Circuit Court of Appeals).  Unless the Fifth Circuit Court of Appeals first grants Petitioner leave

to file a second or successive habeas petition with respect to his Navarro County conviction in

cause number 19,288, this Court would lack jurisdiction to consider the same.  Hooker v. Sivley,

187 F.3d 680, 682 (5th Cir.1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the petition

for a writ of habeas corpus for want of jurisdiction.

The Clerk will transmit a copy of this recommendation to Petitioner

Signed October 24, 2005.


_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE



NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.
1996) (en banc), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.